UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 7 |
| Brian C. Leiba<br>*aka* Brian Christopher Leiba | Case No. 14-41062 (CEC) |
| Debtor. | |

## DECISION

APPEARANCES:

| | |
|---|---|
| Peter A. Joseph | Karamvir Dahiya |
| 177 Waverly Place #5F | Dahiya Law Offices, LLC |
| New York, New York 10014 | 75 Maiden Lane, Suite 506 |
| *Counsel for the Debtor* | New York, New York 10038 |
| | *Counsel for Icilda Vickers-Baker* |

CARLA E. CRAIG
Chief United States Bankruptcy Judge

This matter comes before the Court on the motion of the debtor, Brian C. Leiba (the "Debtor"), for sanctions against Icilda Vickers-Baker ("Vickers-Baker") for violation of the automatic stay pursuant to 11 U.S.C. § 362(k). Because Vickers-Baker violated the automatic stay by commencing and continuing a state court action to collect on a pre-petition debt, and because she acted willfully after receiving notice of the Debtor's bankruptcy filing, causing damages to the Debtor, the motion for sanctions is granted.

## JURISDICTION

This Court has jurisdiction of this core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (G), and (O), 28 U.S.C. § 1334, and the Eastern District of New York standing order of reference dated August 28, 1986, as amended by order dated December 5, 2012. This decision constitutes the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Bankruptcy Procedure 7052.

## BACKGROUND

The following facts are not in dispute.

The Debtor filed this case on March 10, 2014. (Chapter 7 Voluntary Petition, 14-41062-CEC, ECF No. 1.) The Debtor's schedules included an unsecured claim by Vickers-Baker. (Schedule F, 14-41062-CEC, ECF No. 1.) The Debtor also attached a mailing matrix to his petition which included Vickers-Baker at 198-16 118th Avenue, St. Albans, New York 11412. (Chapter 7 Voluntary Petition, 14-41062-CEC, ECF No. 1.) On March 12, 2014, the Bankruptcy Noticing Center mailed out Official Form 9A, which is a Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines (the "Notice"). (BNC Certificate of Mailing - Meeting of Creditors Notice Date 03/12/2014, 14-41062-CEC, ECF No. 5.) The Notice was mailed to

Vickers-Baker at the St. Albans address. Id.  The Notice provided general information about the bankruptcy filing, including the following information about the automatic stay:

> Creditors May Not Take Certain Actions: In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

Id.  On the back of the Notice, further explanations are provided, including more information about the automatic stay under the section entitled "Creditors Generally May Not Take Certain Action":

> Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay.

Id.  Additionally, the Notice provided the date, time, and location of the meeting of creditors. Id.

On June 26, 2014, the Debtor appeared for an adjourned meeting of creditors (the "Meeting of Creditors").[1]  (Mot. For Sanctions for Violation of the Automatic Stay, 14-41062-CEC, ECF No. 26 at ¶¶ 2-3; Aff. Re: documents served on debtor 6.26.14, 14-41062-CEC, ECF No. 31 at ¶ 3.)  While the Debtor was seated in the trustee hearing room waiting for the trustee to arrive, Vickers-Baker and one of her daughters approached the Debtor and served him with a summons and complaint for a state court action Vickers-Baker commenced on June 6, 2014. (Mot. For Sanctions for Violation of the Automatic Stay, 14-41062-CEC, ECF No. 26 at ¶ 3). The state court action is based on alleged damages Vickers-Baker claims occurred pre-petition.

---

[1] While the Motion states that the meeting of creditors occurred on August 8, 2014, the Debtor's counsel subsequently asserted a corrected date of June 26, 2014.

(Aff. Re: documents served on debtor 6.26.14, 14-41062-CEC, ECF No. 31 at 6.) The Debtor's counsel also provided copy of an affidavit of service of the summons and complaint in the state court action sworn to by Lorna Gordon (the "Affidavit of Service"). (Aff. Re: documents served on debtor 6.26.14, 14-41062-CEC, ECF No. 31 at 4.) The affidavit states that Ms. Gordon served the summons and complaint upon the Debtor on June 26, 2014 at the 271-C Cadman Plaza East, which is the address of this Court, and is also where meetings of creditors are held. Id. On July 10, 2014, a copy of the summons and complaint was also mailed to the Debtor at an address not listed in the Debtor's petition. Id. at 8 and ¶ 4.

On September 22, 2014, the Debtor's counsel sent a letter to Vickers-Baker informing her that the state court action was a violation of the automatic stay and that proceeding with the action would result in sanctions (the "Letter"). (Mot. For Sanctions for Violation of the Automatic Stay, 14-41062-CEC, ECF No. 26 at ¶ 4; Affidavit Re: costs and attorney's fees, 14-41062-CEC, ECF No. 42 at 4.) The Debtor's counsel sent the Letter to Vickers-Baker via certified mail, return receipt requested, to Vickers-Baker's St. Albans address. (Mot. For Sanctions for Violation of the Automatic Stay, 14-41062-CEC, ECF No. 26 at 6 and ¶ 5.) The Letter was returned as unclaimed. Id. Because Vickers-Baker failed to discontinue her prosecution of the state court action, the Debtor's counsel was required to appear in Queens Civil Court on September 29, 2014 and November 17, 2014. (Aff. Re: costs and attorney's fees, 14-41062-CEC, ECF No. 42 at ¶ 2(ii).)

On November 22, 2014, the Debtor's counsel filed the motion for sanctions against Vickers-Baker with a notice of hearing scheduled for December 16, 2014 (the "Motion"). (Mot. For Sanctions for Violation of the Automatic Stay, 14-41062-CEC, ECF No. 26). On December 5, 2014, Mr. Karamvir Dahiya ("Dahiya") filed a notice of appearance on behalf of Vickers-

Baker. (Notice of Appearance and Request for Notice, 14-41062-CEC, ECF No. 30.) Dahiya did not file opposition prior to the December 16, 2014 hearing. At the hearing, Dahiya appeared and requested an opportunity to submit opposition to the motion on behalf of Vickers-Baker. On December 22, 2014, the Court entered a scheduling order which adjourned the hearing on the Motion to February 5, 2015 and which gave Dahiya until January 16, 2015 to submit opposition to the Motion. Dahiya again failed to submit opposition to the Motion. At the February 5, 2015 hearing, Dahiya failed to appear; Vickers-Baker, however, appeared and informed the Court that Dahiya was feeling sick. (Hr'g Tr. 2:7-11, February 5, 2015, 14-41062-CEC, ECF No. 52.) The Court granted the unopposed Motion and issued an order directing the Debtor's counsel to file an affidavit regarding the damages incurred as a result of the violation of the automatic stay by Vickers-Baker, including counsel's time records and any other documentary evidence of damages. (Order Granting Mot. For Sanctions, 14-41062-CEC, ECF No. 39.) That order gave Vickers-Baker an opportunity to object to any of the proposed items of damages sought by the Debtor's counsel, but also stated that the Court would not consider any opposition to the merits of the Motion. Id.

On February 18, 2015, the Debtor's counsel filed an affidavit regarding costs and attorney's fees (the "Affidavit of Damages"). (Aff. Re: costs and attorney's fees, 14-41062-CEC, ECF No. 42.) On March 12, 2015, Dahiya filed an affirmation in opposition to the Affidavit of Damages (the "Opposition"). (Affirmation in Opp'n regarding damages etc., 14-41062-CEC, ECF No. 47.)

## DISCUSSION

1. <u>THE ACTIONS TAKEN BY VICKERS-BAKER VIOLATED THE STAY</u>

It is axiomatic that the automatic stay is triggered by filing a bankruptcy petition. 11 U.S.C. § 362. Among the actions automatically stayed is "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . .." 11 U.S.C. § 362(a)(1). Here, there is no doubt that Vickers-Baker violated the automatic stay. The Debtor filed his petition on March 10, 2014 and Vickers-Baker commenced the state court action on June 6, 2014, after the automatic stay went into effect. (Chapter 7 Voluntary Petition, 14-41062-CEC, ECF No. 1; Mot. For Sanctions for Violation of the Automatic Stay, 14-41062-CEC, ECF No. 26 at ¶ 3.) The claims asserted by Vickers-Baker in the state court action were based on pre-petition claims against the Debtor and the action could have been commenced before the commencement of the Debtor's bankruptcy case. (Aff. Re: documents served on debtor 6.26.14, 14-41062-CEC, ECF No. 31 at 6.) Vickers-Baker commenced the action after the automatic stay went into effect by filing the summons and complaint upon the Debtor and then continued the action by serving, or causing service of, those documents upon the Debtor, at the meeting of creditors held pursuant to § 341 in this case. (Aff. Re: documents served on debtor 6.26.14, 14-41062-CEC, ECF No. 31 at 4.)

Vickers-Baker not only violated the automatic stay by commencement and continuation of the state court action, but also by her failure to discontinue the state court action. "It is well settled that a creditor has an affirmative duty under § 362 to take the necessary steps to discontinue its collection activities against a debtor." <u>In re Crawford</u>, 388 B.R. 506, 526-527 (Bankr. S.D.N.Y. 2008) (citing <u>Sucre v. MIC Leasing Corp. (In re Sucre)</u>, 226 B.R. 340, 347

(Bankr.S.D.N.Y.1998)). Vickers-Baker failed to discontinue the state court action, which required the Debtor's counsel to appear in Queens Civil Court on two occasions post-petition. (Aff. Re: costs and attorney's fees, 14-41062-CEC, ECF No. 42 at ¶ 2(ii).)

 2. THE STAY VIOLATION WARRANTS SANCTIONS

If a violation of the automatic stay is willful, an individual debtor may seek relief pursuant to § 362(k) of the Bankruptcy code, which provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1).[2] The party seeking damages for violation of the automatic stay must prove the following elements: (1) that a bankruptcy petition was filed, (2) that the debtor is an individual, (3) that the creditor received notice of the petition, (4) that the creditor's actions were in willful violation of the stay, and (5) that the debtor suffered damages.[3] In re Wright, 328 B.R. 660, 663 (Bankr. E.D.N.Y. 2005) (citing Garland v. Lawton (In re Garland), 2001 Bankr. LEXIS 2186 (Bankr. D. Vt. July 31, 2001)).

It is undisputed that the Debtor is an individual and that he filed a bankruptcy petition. Vickers-Baker had notice of the Debtor's bankruptcy case. Although this fact is not disputed, it warrants further discussion. On March 12, 2014, the Bankruptcy Noticing Center mailed the Notice to Vickers-Baker at her St. Albans address. (BNC Certificate of Mailing - Meeting of

---

[2] Prior to the enactment of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, § 362(k) was designated § 362(h).

[3] A provision added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 states that: "A monetary penalty may not be imposed on a creditor for a violation of a stay in effect under section 362(a) (including a monetary penalty imposed under section 362(k)) . . . unless the conduct that is the basis of such violation or of such failure occurs after such creditor receives notice effective under this section of the order for relief." 11 U.S.C. § 342(g)(2). In order to impose sanction on a party who violated the stay, that party must have had notice of the order of relief prior to taking actions in violation of the stay. It is undisputed that Vickers-Baker had actual knowledge of the Debtor's bankruptcy filing prior to causing service of the state court summons and complaint upon the Debtor, thereby satisfying § 342(g)(2)'s prerequisite to issuing sanctions. (Indeed, Vickers-Baker admitted that she read the Notice and that she appeared at the courthouse on the date of the meeting of creditors because the Debtor had allegedly failed to provide Vickers-Baker with his address. (Hr'g Tr. 5:14-6:9, February 5, 2015, 14-41062-CEC, ECF No. 52.)).

Creditors Notice Date 03/12/2014, 14-41062-CEC, ECF No. 5.)  See Hagner v. United States, 285 U.S. 427, 430, 52 S. Ct. 417, 419, 76 L. Ed. 861 (1932) ("[P]roof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed.") (citing Rosenthal v. Walker, 111 U.S. 185, 193, 4 S. Ct. 382, 386, 28 L. Ed. 395 (1884)).  At the December 16, 2014, Vickers-Baker confirmed that the St. Albans address was her correct address.  (Hr'g Tr. 17:19-18:7, December 16, 2014, 14-41062-CEC, ECF No. 53.)  At the adjourned hearing on the Motion, Vickers-Baker admitted that she read the Notice and stated that she appeared at the courthouse on the date of the meeting of creditors because the Debtor had failed to provide Vickers-Baker with his address.  (Hr'g Tr. 5:14-6:9, February 5, 2015, 14-41062-CEC, ECF No. 52.)  Vickers-Baker had actual knowledge of the Debtor's bankruptcy filing, which satisfies the notice required under § 362(k).  See In re Robinson, 228 B.R. 75, 84 (Bankr. E.D.N.Y. 1998) (holding that the receipt of the notice of bankruptcy from the clerk of the court is sufficient for a creditor to be deemed to have knowledge of the bankruptcy proceeding).

While a party's knowledge of the filing is "immaterial to a determination of whether the stay was violated," it is relevant to whether the violation was willful.  Siskin v. Complete Aircraft Servs., Inc. (In re Siskin), 231 B.R. 514, 517 (Bankr. E.D.N.Y. 1999).  "Willful" in the context of § 362(k) means "any deliberate act taken in violation of the stay, which the violator knows to be in existence." In re Crysen/Montenay Energy Co., 902 F.2d 1098 (2d Cir. 1990); accord In re Sturman, No. 10 CIV. 6725 RJS, 2011 WL 4472412, at *1 (S.D.N.Y. Sept. 27, 2011) ("[S]pecific intent to violate the stay is not required; instead, 'general intent in taking actions which have the effect of violating the automatic stay' is sufficient to warrant damages.") (quoting In re Dominguez, 312 B.R. 499, 508 (Bankr.S.D.N.Y.2004)).  The Debtor has

Case 1-14-41062-cec    Doc 62    Filed 04/27/15    Entered 04/27/15 17:31:54

8

demonstrated Vickers-Baker's actions were willful by establishing that Vickers-Baker had knowledge of the Debtor's bankruptcy filing and that Vickers-Baker deliberately took actions to commence and continue the state court proceeding.

Finally, the Debtor must demonstrate that he incurred damages. "A court may award attorneys' fees pursuant to section 362(h) [now 362(k)] even if the debtor has suffered no other compensable harm." In re Robinson, 228 B.R. at 85. In this case, the Debtor seeks an award of $5,600 in attorneys' fees incurred in connection with the stay violation, which is calculated as 16 hours of time spent by the Debtor's counsel at $350 per hour. (Aff. Re: costs and attorney's fees, 14-41062-CEC, ECF No. 42 at 2.) The 16 hours are broken down as follows: 2 hours consulting with the Debtor regarding the stay violation and drafting and mailing the Letter; 4 hours for two appearances before the Queens Civil Court in connection with the state court action; 3 hours researching and drafting the Motion; 3.5 hours for the December 16, 2104 hearing on the Motion; 1.5 hours preparing and filing supplemental evidentiary material in connection with this Court's scheduling order; and 2 hours for the February 5, 2015 hearing on the Motion. Id. at ¶ 2.

Attorneys' fees and costs recoverable under § 362(k) must be reasonable and necessary. In re Robinson, 228 B.R. at 85. "The policy of section 362[k], to discourage willful violations of the automatic stay, is tempered by a reasonableness standard born of courts' reluctance to foster a 'cottage industry' built around satellite fee litigation." Id. (citing Putnam v. Rymes Heating Oils, Inc. (In re Putnam), 167 B.R. 737, 741 (Bankr. D.N.H. 1994)). It is well established that "[r]easonable and necessary fees do not include unnecessary litigation costs." In re Robinson, 228 B.R. at 85; see also Yarinsky v. Saratoga Springs Plastic Surgery, PC (In re Saratoga Springs Plastic Surgery, PC), No. 1:03CV896, 2005 WL 357207, at *54 (N.D.N.Y. Feb. 11, 2005), aff'd, 172 Fed. Appx. 339 (2d Cir. 2006) ("[A]n 'excessively litigious approach'

to violations of the automatic stay that do not cause damages in an[d] of themselves must be guarded against.").

A motion for sanctions pursuant to § 362(k) should not be the opening salvo in response to a violation of the automatic stay, and here it was not. The Debtor's counsel first attempted to resolve Vickers-Baker's violation of the automatic stay by sending her a letter via certified mail informing her of the stay. (Mot. For Sanctions for Violation of the Automatic Stay, 14-41062-CEC, ECF No. 26 at 6 and ¶ 5.) However, the Letter was returned as unclaimed. Id. The Debtor's counsel's unsuccessful efforts to resolve the stay violation prior to filing the Motion supports the conclusion that the Motion was a necessary and appropriate measure to protect the Debtor from the automatic stay violation.

Dahiya argues that some of the fees are unreasonable and that the Debtor failed to prove his losses through "competent evidence." (Affirmation in Opp'n regarding damages etc., 14-41062-CEC, ECF No. 47 at ¶ 8.) Dahiya first focuses on the fact that the Debtor's counsel likely was only paid a few hundred dollars and that the record of the case does not reflect any payment by the Debtor to his counsel. Id. at ¶ 9. The amount paid by the Debtor to his counsel is not relevant for purposes of calculating damages under § 362(k), as the calculation of damages is based on counsel's time spent as a consequence of the automatic stay violation and is not capped by any fee paid to counsel in connection with the filing. See In re Robinson, 228 B.R. at 85-87 (stating that the debtor's counsel was paid a flat fee in connection with the bankruptcy filing, but awarding damages based on an hourly rate in excess of that amount). Dahiya also attacks the amount of time allotted to actions taken by the Debtor's counsel in connection with the Motion. The Debtor's counsel's submitted Affidavit of Damages, as directed by Court order, and such affidavit is "competent evidence". (Order Granting Mot. For Sanctions, 14-41062-CEC, ECF

No. 39.) The time records are reasonable under the circumstances and Dahiya's objections are without merit. The one objection that does warrant analysis is Dahiya's assertion that the Debtor's counsel's appearance before the Queens Civil Court was unnecessary and that "[a]ll [Debtor's counsel] had to do was to respond to the underlying pleadings under CPLR and show that case is stayed instead of sending copies of [a] letter to Ms. Baker to the civil court. His visit was unnecessary." (Affirmation in Opp'n regarding damages etc., 14-41062-CEC, ECF No. 47 at ¶ 11.) This objection is meritless. When a creditor violates the stay by pursuing litigation in state court, a debtor's attorney appropriately acts to protect the rights of his client, which may require one or more court appearances. When a creditor violates the stay, he or she does so at his or her own risk.

3. VICKERS-BAKER'S OBJECTIONS TO THE MERITS OF THE MOTION ARE UNTIMELY AND LACK MERIT

Dahiya's objections to the merits of the Motion are untimely, but even if considered, lack merit and are, indeed, borderline sanctionable. Dahiya filed his notice of appearance on behalf of Vickers-Baker on December 5, 2014, eleven days before the first hearing on the Motion. (Notice of Appearance and Request for Notice, 14-41062-CEC, ECF No. 30.) Dahiya did not file written opposition. At the initial hearing on December 16, 2014, Dahiya requested time to file opposition. At that hearing, the Court granted Dahiya's oral request, but set a schedule for further submissions, and made it clear that it would "strictly enforce these deadlines, and any papers that are not filed on the dates . . . when they were supposed to be filed will not be considered." (Hr'g Tr. 35:23-35:25, December 16, 2014, 14-41062-CEC, ECF No. 53.)

On December 22, 2014, the Court entered a scheduling order which stated that any opposition to the Motion shall be filed by January 16, 2015 and which stated that "none of the dates set forth in this Order shall be extended or adjourned in the absence of good and sufficient

cause being demonstrated to the Court in advance of the date in question." (Scheduling Order, 14-41062-CEC, ECF No. 32.) Dahiya failed to file opposition before the January 16, 2015 deadline set by the Court or before the adjourned hearing on the Motion held on February 5, 2015. Dahiya failed to appear for the February 5, 2015 hearing. Vickers-Baker informed the Court that Dahiya was "feeling sick." (Hr'g Tr. 2:7-11, February 5, 2015, 14-41062-CEC, ECF No. 52.)

The Court granted the Motion, and issued an order directing the Debtor's counsel to file an affidavit regarding the damages incurred with respect to the Motion. (Order Granting Mot. For Sanctions, 14-41062-CEC, ECF No. 39.) That order gave Vickers-Baker an opportunity to object to any of the proposed items of damages sought by the Debtor's counsel, but also stated that the Court would not at that point consider any opposition to the merits of the Motion. Id. After the Debtor's counsel filed the Affidavit of Damage, Dahiya filed the Opposition, which, for the first time in writing, raised objections to the merits of the Motion. (Affirmation in Opp'n regarding damages etc., 14-41062-CEC, ECF No. 47.)

Dahiya argues that he was not served with the Motion or subsequent filings in connection with the Motion and that the Motion should be dismissed with prejudice. (Affirmation in Opp'n regarding damages etc., 14-41062-CEC, ECF No. 47 at ¶ 2.) The Motion was filed on November 22, 2014. Dahiya filed his notice of appearance on December 5, 2014. The Debtor's counsel had no obligation to serve Dahiya prior to the filing of Dahiya's notice of appearance in the proceeding. Moreover, Dahiya was aware of the Motion as he appeared before the Court on the return date, at which time he requested, and was granted, an opportunity to file opposition to the Motion. Dahiya fails to explain his failure to comply with the Court's December 22, 2014 scheduling order, which was mailed to Vickers-Baker and which was electronically noticed to

Dahiya in compliance with the Eastern District of New York Local Bankruptcy Rule 9036-1 and 9036-2.  (BNC Certificate of Mailing with Application/Notice/Order Notice Date 12/25/2014, 14-41062-CEC, ECF No. 33.)  Dahiya also fails to explain why dismissal with prejudice would be warranted.

Dahiya also asserts that the Debtor himself invited Vickers-Baker to sue him and serve papers upon him, and that the stay violation ended after Vickers-Baker "walked away." (Affirmation in Opp'n regarding damages etc., 14-41062-CEC, ECF No. 47 at ¶ 4.)  Dahiya's assertion that the Debtor invited Vickers-Baker to sue him is wholly unsupported and Dahiya fails to include an affidavit by Vickers-Baker to allege that such an invitation was extended. Even if Dahiya's factual allegations are true, the Debtor's consent to service would not be sufficient to annul the stay, as debtors may not waive the automatic stay.  Commerzanstalt v. Telewide Sys., 790 F.2d 206, 207 (2d Cir. 1986) ("Since the purpose of the stay is to protect creditors as well as the debtor, the debtor may not waive the automatic stay.")  It is unclear what Dahiya means when he says that the stay violation ended when Vickers-Baker "walked away", but in any event, this is not true.  As stated earlier in this decision, a creditor has an affirmative duty under § 362 to take the necessary steps to discontinue collection activities against a debtor.  See In re Crawford, 388 B.R. at 526-527.   Vickers-Baker could not initiate and continue a legal proceeding post-petition, and then wash her hands clean of the consequences by "walking away." The commencement and continuation of the state court action was a violation of the stay and imposed a duty on Vickers-Baker to discontinue or stay the action, which she failed to do.

Finally, Dahiya urges the Court to review Church of the Holy Trinity v. United States, 143 U.S. 457 (U.S. 1892), for the premise that "a literal application must be dropped to avoid results that [ ] Congress [ ] never intended or [that] would result in [a] miscarriage of justice."

(Affirmation in Opp'n regarding damages etc., 14-41062-CEC, ECF No. 47 at ¶ 14.) Dahiya does not explain what unintended result would result from granting the Motion. Section 362(a)(1) is unambiguous. It prevents the commencement or continuation of judicial actions. The actions taken by Vickers-Baker are exactly the types of actions that Congress intended the automatic stay to prevent. "The general policy behind [ ] section [362(a)] is to grant complete, immediate, albeit temporary relief to the debtor from creditors, and also to prevent dissipation of the debtor's assets before orderly distribution to creditors can be effected." S.E.C. v. Brennan, 230 F.3d 65, 70 (2d Cir. 2000) (quoting Penn Terra Ltd. v. Department of Envtl. Resources, 733 F.2d 267, 271 (3d Cir.1984)). By commencing and continuing the state court action, Vickers-Baker sought to circumvent the orderly distribution the Bankruptcy Code is intended to effectuate and required the Debtor to incur attorneys' fees in multiple forums to defend himself and to stop the stay violation.

## CONCLUSION

Sanctions pursuant to 11 U.S.C. § 362(k) are warranted in this instance because Vickers-Baker, having actual knowledge of the Debtor's bankruptcy filing, willfully violated the automatic stay, causing damages consisting of attorney's fees incurred to defend the Debtor and stop the stay violation. A separate order will issue.



**Dated: Brooklyn, New York
April 27, 2015**

_/s/ Carla E. Craig_
**Carla E. Craig
United States Bankruptcy Judge**